COBB, Judge.
The appellant contends, inter alia, that the trial court erred in this case by:
1. Overruling objection to the prosecutor’s references in opening statement and closing argument concerning the extent of the victim’s surgery, when the charge of aggravated battery in this case was based on sub-section (b) rather than subsection (a) of section 784.045 [ (1) ], Florida Statutes.
2. Denying the appellant’s request for a Williams Rule instruction, assuming the admissibility of evidence at trial of a collateral crime.
While we recognize these errors, we also find that they were harmless in the context
of the “jury-pardon” verdicts rendered in this case, and the overwhelming evidence of guilt, even from the appellant’s own testimony, in regard to the convictions of discharging a firearm in public and carrying a concealed firearm. See Palmes v. State, 397 So.2d 648 (Fla.), cert. denied, 454 U.S. 882, 102 S.Ct. 369, 70 L.Ed.2d 195 (1981); Williams v. State, 386 So.2d 538 (Fla.1980).
Accordingly, we affirm.
AFFIRMED.
DAUKSCH and SHARP, JJ., concur.